**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| **SANDY BRIETZKE** and  **JOSHUA BRIETZKE,** | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | **Civil Action No. 26-10048-DJC** |
| **CROSS COUNTY MORTGAGE, et al.,** | ) ) ) | |
| Defendants. | ) ) ) | |

**ORDER**

**CASPER, C.J.**                                                                                                 **January 8, 2026**

On January 7, 2026, Plaintiffs Sandy and Joshua Brietzke filed a complaint, motion for temporary restraining order and an application to proceed in District Court without prepaying fees or costs (also known as a motion for leave to proceed in forma pauperis). D. 1-3. The complaint identifies the defendants as Cross Country Mortgage; Lakeview Loan Serving, LLC; Flagstar Bank; Brock & Scott, PLLC; and M & T Bank. D. 1 at 1-2. The complaint alleges that the Defendants are unlawfully attempting to foreclose on their property. Id. Plaintiffs represent that their property is scheduled to be sold at a public auction today. D. 1-1 at 3-6.

Upon consideration of the pleadings, it is hereby ORDERED:

1.      Sandy Brietzke's motion for leave to proceed in forma pauperis, D. 3, is DENIED WITHOUT PREJUDICE. At a minimum, Questions 4 and 8 on the application were left blank and, although she referenced an attached affidavit to answer the second part of Question 3 concerning her source of income, D. 3-1, even that document does not address what income she has received in the past as to employment and whether she expects income from same in the future. See id.; D. 3 at 1. If Sandy Brietzke wishes to proceed with this action, the Court grants her until

January 22, 2026 to file a new motion for leave to proceed in forma pauperis. If Plaintiff Joshua Brietzke wishes to proceed as a party to this action, he must sign the complaint and file a motion for leave to proceed in forma pauperis under his own signature, on or before January 22, 2026.

2. The motion for temporary restraining order and preliminary injunction, D. 2, is DENIED WITHOUT PREJUDICE. "A request for a preliminary injunction is a request for extraordinary relief." Cushing v. Packard, 30 F.4th 27, 35 (1st Cir. 2022). To issue a preliminary injunction under Fed. R. Civ. P. 65, a district court must find that plaintiffs have established that (1) they will suffer irreparable harm absent the injunction; (2) the injury outweighs the harm to the defendants if granted; (3) they are likely to succeed on the merits of the case, and (4) the injunction does not adversely affect the public interest. Voice of the Arab World v. MDTV Med. News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011) (citing Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)). Moreover, where Plaintiffs are seeking a temporary restraining order *ex parte* (i.e., with no notice to Defendants), they have not indicated any effort to provide any notice to Defendants and have not made a sufficient showing of why no such notice should be required in view of an immediate and irreparable need for injunctive relief. Fed. R. Civ. P. 65(b). As the four-prong showing for any form of injunctive relief, Plaintiffs' filings do not show that they are likely to prevail on the merits of their claims, particularly where the plausible basis for those claims are difficult to discern from the complaint or the motion.

**SO ORDERED.**

/s/ Denise J. Casper
Denise J. Casper
United States District Judge