## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **SANDY BRIETZKE and<br>JOSHUA BRIETZKE,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 26-10048-DJC** |
| | ) | |
| **CROSS COUNTY MORTGAGE, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

**CASPER, C.J.**                                        **February 6, 2026**

Plaintiffs Sandy and Joshua Brietzke initiated this action by filing a complaint, motion for temporary restraining order and an application to proceed in District Court without prepaying fees or costs (also known as a motion for leave to proceed *in forma pauperis*). D. 1-3.

By Order, dated January 8, 2026, D. 5, the Court denied the motion for temporary restraining order, D. 2, and Sandy Brietzke's motion for leave to proceed in forma pauperis, D. 3, without prejudice. The Court's Order provided that, on or before January 22, 2026, Sandy Brietzke must file a new motion for leave to proceed *in forma pauperis*, and Joshua Brietzke must sign the complaint and file a motion for leave to proceed *in forma pauperis* under his own signature. D. 5 at 1-2.

On January 22, 2026, Sandy Brietzke filed a response. D. 6. Joshua Brietzke did not sign the response. Id. Sandy Brietzke states that she "represents both Plaintiff's [sic]." Id. at 3. In her response, Brietzke contends that she "should not be charged fees, or costs for the lawful constitutional right to petition this court in this matter." Id. at 2. Sandy Brietzke states that she "moves this Honorable Court to understand and see that the Plaintiff is asking to proceed without

court fees." Id. at 1. Sandy Brietzke explains that she already provided her financial situation when she "submitted the original paperwork for suit, [which was accompanied by] an AFFIDAVIT OF TRUTH AND FACTS." Id. at 3 (emphasis in original). She further states that she does "not own anything nor [does she] have assets." Id. at 6. She states that she is "attaching [an] AFFIDAVIT OF TRUST AND STATUS Maxim of Law." Id.; see D. 6-1 at 5-13 (attaching documents including "Affidavit of Trust and Status, Maxim of Law that begins that the affidavit "confirms the status of a living, breathing, sentient living on the land and establishes the highest order authorized identity and identifiers for this being").

Although Sandy Brietzke filed a response to the Court's January 8, 2026 Order, she failed to file a new motion for leave to proceed in forma pauperis. Her response, D. 6, does not satisfy the requirements of 28 U.S.C. § 1915(a)(1) which requires "an affidavit that includes a statement of all assets . . . that the person is unable to pay such fees or give security therefor." Id.; see Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 205 (1993) (noting purposes of § 1915(a) affidavit requirement). Although Sandy Brietzke filed her "Affidavit of Trust and Status," it does not address her assets or the deficiencies in her initial application to proceed in forma pauperis, D. 5 at 1.

While the Court must construe a pro se litigant's pleading liberally, pro se litigants are not excused from complying with the Federal Rules of Civil Procedure or the Local Rules of this district. F.D.I.C. v. Anchor Props., 13 F.3d 27, 31 (1st Cir.1994); see Boivin v. Black, 225 F.3d 36, 43 (1st Cir. 2000) (noting that pro se litigants are not exempt from procedural rules).

Accordingly, for the failure to comply with the prior Order, D. 5, this action is hereby

DISMISSED WITHOUT PREJUDICE.

**SO ORDERED.**

/s Denise J. Casper
Denise J. Casper
Chief United States District Judge